Daniel E. Thenell, OSB No. 971655
Dan@thenelllawgroup.com
Emerson Lenon, OSB No. 123728
Emerson@thenelllawgroup.com
Thenell Law Group, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| JOE PATNODE, an individual,<br><br>              Plaintiff,<br><br>  vs.<br><br>SUNRIVER POLICE DEPARTMENT a political subdivision of SUNRIVER SERVICE DISTRICT, CORY RAY DARLING, in his personal and official capacities as Chief of Police for Sunriver Police Department, MICHAEL WOMER, in his personal capacity, DEBBIE BAKER, in her personal and official capacities as Board Member of the Sunriver Service District.<br><br>              Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Civil Rights 1st Amendment/14th Amendment violations; Whistleblower retaliation; supplemental state law claims)<br><br>42 U.S.C. § 1983<br>ORS 659A.200(1)(b)(A) and (B)<br><br>Damages of $2,500,000<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTORY STATEMENT**

1.    This action is filed by Plaintiff under 42 U.S.C § 1983 and ORS Chapter 659A for events from

December 2017 to the present, alleging violations of the First and Fourteenth Amendments of

COMPLAINT - Page 1                                                                                  2019-142

the United States Constitution, retaliation for participation in protected activities, and violations of the state whistleblower protections under ORS Chapter 659A.

2. This Court has jurisdiction over Plaintiff's claims of violations of Federal Constitutional Rights under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper under 28 U.S.C. § 1391(b), in that one or more of the defendants reside in the District of Oregon and Plaintiff's claims for relief arose in this district.

## PARTIES

4. At all material times, JOE PATNODE ("Plaintiff") is a citizen of the United State and a resident of Deschutes County, Oregon. At all times material, Plaintiff worked for Defendant Sunriver Police Department in Deschutes County, Oregon.

5. At all material times, COREY DARLING ("Defendant Darling") was the Chief of Police for Sunriver Police Department, Oregon. Defendant Darling was working under color of law on behalf of the Sunriver Police Department ("SPD"), a political subdivision of Sunriver Service District, Oregon ("County"). Defendant Darling is the final policy maker for SPD. Defendant Darling is sued in his individual and official capacity.

6. At all material times, MICHAEL ("Mike") WOMER, ("Defendant Womer") was an employee of the Sunriver Police Department and Sunriver Service District. Defendant Womer was acting under color of law at all times material. Defendant Womer is sued in his individual capacity.

7. At all material times, SPD was a political subdivision of Sunriver Service District, Oregon. Defendant Sunriver Service District (SSD) is a public service district authorized under the Oregon Revised Statutes. Defendant SSD is a suable person under 42 U.S.C. § 1983. At all times relevant to this Complaint, SPD and SSD employed Defendant Darling. At all times relevant to this Complaint, Defendant Darling was acting pursuant to Defendant SPD's and Defendant SSD's laws, customs, and/or policies. As the employer of Defendant Darling, SSD is vicariously liable for all the tortious and unconstitutional acts and omissions of the defendants committed within the course and scope of his employment, pursuant to ORS

COMPLAINT - Page 2                                                                                  2019-142

30.265. SSD was and is a "Public Employer" under 659A.200(6). Darling was also a final decision maker for SSD.

8. At all material times Defendant DEBBIE BAKER ("Defendant Baker") was the board administrator, chief administrative officer, and agent for the Sunriver Service District. At all times relevant to this Complaint, Defendant Baker was acting pursuant to Defendant SSD's laws, customs, and/or policies. As the employer of Defendant Baker, SSD is vicariously liable for all the tortious and unconstitutional acts and omissions of the defendants committed within the course and scope of his employment, pursuant to ORS 30.265. Baker was also a final decision maker for SSD.

9. At all times relevant to this Complaint, Plaintiff was a "Public Employee" pursuant to ORS 659A.200(2).

10. All Defendants acted under the color of law at all times relevant to this Complaint.

11. Plaintiff is entitled to an award of attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

## FACTUAL ALLEGATIONS

12. Plaintiff has been a dedicated law enforcement professional for over twenty-three years. He was employed by Defendant SPD from May 4, 1998 until his termination on June 6, 2019.

13. In the over twenty years of his employment, Plaintiff was a valued member of the SPD and tasked with many special projects designed to help make SPD a twenty-first century law enforcement model agency. Plaintiff oversaw community engagement efforts to bolster public opinion of SPD. Plaintiff oversaw the literal remaking of the SPD uniforms, patches and insignias. Under Plaintiff's watch the SPD became a state accredited agency and Plaintiff also oversaw the creation of a citizen's academy and ran it for twelve years.

14. In or about 2004 Plaintiff was promoted to Sergeant in recognition of his efforts with the SPD's modernization and his creation of community engagement models. As Sergeant, Plaintiff was placed in charge of all community-policing programs. Plaintiff also became an important part of the SPD's management and training team. Plaintiff was one of only a very few SPD officers

COMPLAINT - Page 3                                                                                                           2019-142

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

who were entrusted to go out of the district to represent the SPD officially.

15. In 2002 Plaintiff was hired by the Department of Public Safety Standards and Training (DPSST) as an instructor at their academy. On April 9, 2019 SPD and SSD notified Plaintiff of his termination, which would not be finalized until June, *supra*. On April 10, 2019 DPSST terminated Plaintiff's contract. No reason was given for the termination of this contract, however Plaintiff believes it followed notification from the Defendants to DPSST.

16. On July 1, 2012 Chief Mike Kennedy was replaced by Chief Marc Mills. Plaintiff quickly became Chief Mills go-to Sergeant. Twice during Chief Mills tenure Plaintiff was even made the Acting Chief of Police while Chief Mills was away for vacation and training. Plaintiff was also entrusted with internal disciplinary investigations during Chief Mills tenure. Plaintiff was charged with redesigning the training program for the Citizen's Patrol program. Additionally, Plaintiff was placed in charge of the FTEP, or field training, program, as well as the Reserve Officer program. Plaintiff was also placed in charge of the SPD's Project Good Neighbor; once per week SPD officers would visit a vulnerable member of the Sunriver community as an outreach program. Plaintiff was also given oversight of the department evidence room which was responsible for storage and processing on money, drugs, and seized personal property.

17. Officer Mike Womer began working at SPD on January 24, 2014 after having resigned from the Washington County Sheriff's Office in April 2013. Plaintiff has reason to believe Officer Womer had difficulty securing employment in law enforcement and obtained his position at SPD through his relationship with Chief Mills. Officer Womer did not like Project Good Neighbor and was extreme vocal about his dislike of participating. He would often refuse to make his weekly visits. Womer enjoyed a close relationship with Chief Mills which enabled him to avoid any repercussions for these displays of insubordination.

18. Officer Womer also began having regular closed-door meetings with Chief Mills. Plaintiff has reason to believe Officer Womer would use these meetings to complain about Plaintiff and the other SPD Sergeant, Sgt. Beaty. Plaintiff has reason to believe this because Officer Womer

COMPLAINT - Page 4                                                                                                         2019-142

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

would often openly and public complain about Plaintiff and Sgt. Beaty. Both Plaintiff and Sgt. Beaty were hesitant to attempt to discipline Officer Womer for this insubordination due to his close and confidential relationship with Chief Mills.

19. Over the course of Chief Mills tenure, Officer Womer continued to complain and make negative comments about Plaintiff, Sgt. Beaty and several other officers of SPD, including Officer Tiffany Hughes and her husband Officer Kasey Hughes. It was well known in the department Plaintiff and his wife were friendly with the Hughes.

20. On December 1, 2017 Plaintiff observed Officer T Hughes approach Chief Mills with one of the SPD's magnetic vehicle signs for the Citizen's Patrol. Plaintiff noted someone appeared to have shot several bullet holes in the magnetic sign. Officer T Hughes expressed the opinion the magnetic sign must have fallen off the Citizen's Patrol vehicle. Chief Mills became increasingly agitated to the point of yelling. His face was very red, and he appeared infuriated. He proclaimed this was the reason "someone should fucking teach the Citizen's Patrol to do vehicle checks" before and after they use the vehicle. As Chief Mills walked past Plaintiff he struck Plaintiff with his forearm holding the sign. The blow pushed Plaintiff off balance, backwards, into a wall. Plaintiff was embarrassed at being emasculated in public and in front of subordinate officers. Chief Mills did not refer to the incident and made no comment, acting normal, for the rest of that day and from that point on.

21. Plaintiff made a written report of the occurrence and submitted it to the SSD board, the governing body for the District. Board member Debbie Baker and agents from the Oregon Department of Justice investigated the incident.

22. On or about December 20, 2017 Plaintiff was contacted by Debbie Baker and told the District was interested in resolving this matter quickly and quietly. Baker asked Plaintiff to sign a civil compromise with Mills. In exchange Mills would resign. This plan would not only avoid further publicity regarding the issue, but also would save the District approximately six months of service pay under Chief Mills's contract.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

23. On or about January 2, 2018 Plaintiff met with District Attorney John Hummel. DA Hummel asked if Plaintiff was willing to testify against Chief Mills for the assault. Plaintiff agreed and DA Hummel asked again to confirm if Plaintiff would be willing to do his duty as a police officer and testify against his former Chief. Also, on January 2, 2018, Chief Mills resigned from his position as Chief of the Sunriver Police Department. On or about January 4, 2018 DA Hummel charged Marc Mills with harassment.

24. On or about January 16, 2018 Plaintiff spoke to Debbie Baker about the civil compromise. Plaintiff requested the District provide him and Sgt. Beaty with written job protections and guarantees for overtime as the Sergeants were not a part of the collective bargaining agreement between the officers and the District. Under former Chief Mills the SPD and the SSD had been denying overtime for Plaintiff and Sgt. Beaty as well as denying them payment for trainings. The Sergeants were expected to donate time or flex time. Plaintiff explained this present situation with the former Chief was precisely the reason he wanted a contract for employment that provided for overtime, vacation accruals and basic job protections. Plaintiff was concerned the next Chief could continue to require the Sergeants to sacrifice. Baker was very upset by these requests and told Plaintiff, "that's not the way it works." Plaintiff declined to sign the civil compromise.

25. Marc Mills was prosecuted for Harassment, a class B misdemeanor and pled no contest to the charges. Judgment of conviction was entered on March 1, 2018 and on April 10, 2019 the DPSST Board revoked Marc Mills basic certification as a law enforcement officer.

26. When Mills resigned in early January Plaintiff and Sergeant Beaty were left as the two ranking officers in the SPD. Plaintiff asked Baker if he could serve as "acting-in-capacity" Chief, which he had done in the past during personal and professional absences of the Chief. Baker told his she was "specifically not recommending [Plaintiff] as AIC" because Baker stated the "optics would not be right." The department operated with a Chief until Scott Hayes became the interim Chief of Police on or about February 6, 2018.

COMPLAINT - Page 6                                                                                                              2019-142

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

27. On or about March 28, 2018 Officer Kasey Hughes showed up to a reserve training with the odor of alcohol on his breath. Plaintiff began to suspect Officer K Hughes may have a substance abuse problem at this point. There was an internal investigation conducted by Sgt. Beaty with assistance from Officer Womer. Officer K Hughes received discipline and was ordered to an evaluation by a specialist.

28. On or about July 1, 2018 Cory Darling became the new Chief of Police for SPD.

29. On or about July 8, 2018 Deschutes County Sheriff's Deputies were dispatched to Officers K and T Hughes residence for a potential domestic violence. The couple had both been drinking and officers and EMS personnel were dispatched with reports of an injury. Chief Darling asked Plaintiff to conduct the internal investigation. Plaintiff interviewed responding officers and EMS who believed that K Hughes had some type of seizure causing him to fall and strike his head. Although alcohol was a contributing factor it was determined it was not the sole cause of the incident. Plaintiff closed the investigation with a finding there was no domestic violence, gave his findings to Chief Darling and the investigation was cleared with no finding of a policy or criminal violation.

30. On or about September 1, 2018 Plaintiff received a poor score on leadership and management capabilities from Chief Darling. This was the first poor review Plaintiff had received after years of exemplary service. Plaintiff was concerned that agitation from within the SPD, from Officer Womer was affecting Chief Darlings opinion of Plaintiff. This was especially concerning because there were talks within the Department and District that a new Lieutenant position would be created, and Plaintiff knew Womer was interested in jumping over Sergeant to that position.

31. On or about October 1, 2018 Plaintiff met with Chief Darling about his concerns with Officer Womer's insubordination. Plaintiff informed Chief Darling Womer was insubordinate directly to Plaintiff as well as public in his criticisms. Officer Womer had approached Plaintiff and told him point blank Womer thought he was a very poor Sergeant. Womer complained that Plaintiff

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

had "attempted to drag [Womer] into [Plaintiff's] lawsuit against former Chief Mills." Plaintiff had not filed any such lawsuit. Plaintiff had previously told interim Chief Hayes about this incident with Womer and further told Chief Darling Plaintiff believed Womer should be disciplined for insubordination. Hayes had taken no action.

32. From the time Chief Darling was hired, Officer Womer continued his pattern of ingratiating himself to the Chief that had begun under Chief Mills. Womer has been made acting-in-capacity Sergeant and had secured the union presidency position. When the hiring for the new Lieutenant position opened on or about October 3, 2018 both Plaintiff and Officer Womer applied for the position.

33. On or about October 31, 2018 Womer was given the Lieutenant position. Baker was a one of the three-person hiring board for this position. In her written feedback Baker had negative comments on eight of Plaintiff's ten answers. Plaintiff believes Womer leveraged his relationship with Chief Darling and the years of internal poisoning against Plaintiff to secure this position. Plaintiff further believes the District was still upset with Plaintiff for not agreeing to the civil compromise with Mills and that this ill will contributed to his being passed up for promotion.

34. On or about November 11, 2018 Officer K Hughes was implicated in on duty misconduct related to an extramarital affair. Plaintiff had been made aware of the affair on November 11, while on duty with Officers T and K Hughes, but he was not aware of the misconduct. Plaintiff then went off duty for three days. After going off duty the evening of the 11th of November, Plaintiff went home.

35. The next day, November 12, 2019, in the evening, Plaintiff received a call from a law enforcement officer in Alaska. This officer claimed to be a friend of K Hughes and told Plaintiff he had heard from K Hughes about some on duty misconduct. This Alaska officer told Plaintiff K Hughes had driven to Bend after his girlfriend reported to him she was the victim of an alleged sexual assault. Plaintiff told the Alaska officer he was off duty and did not assume

COMPLAINT - Page 8                                                                                                         2019-142

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

that this officer would only report this information to Plaintiff. Plaintiff was off duty for three days, one of which he worked at the DPSST academy. Plaintiff intended to report this call to his Chief upon his return to duty.

36. On November 16, 2019 Plaintiff returned to duty. He immediately went to Chief Darling and asked him about the status of Officer K Hughes. Chief Darling proceeded to explain the entire situation to Plaintiff. Plaintiff assumed the Chief had received the same information as he had and was relieved that he didn't have to get in the middle of the investigation.

37. On or about November 19th, 2018 a citizen complaint against an SPD officer was received via email. Plaintiff completed the investigation of this complaint. Newly minted Lt. Womer took issue with the procedures used by Plaintiff (not the outcome) in this investigation and entered a Performance Observation (PO) into Plaintiff's file. A PO is a form of discipline used to formally counsel an employee who has deviated from established policy or procedure.

38. On or about December 11, 2018, as a result of receiving the PO discipline, Plaintiff submitted a list of questions regarding newly created policies to Lt. Womer. Womer had been the president of the officer's union when the policies were implemented and had told union membership: he had worked closely with Chief Darling to review and approve the changes on behalf of the union. Plaintiff was surprised Lt. Womer appeared to have little to no knowledge regarding the substance of the polices and the changes that had been made.

39. On or about December 12, 2018 Plaintiff was in a meeting with Lt. Womer, Chief Darling, T Hughes. Unbeknownst to Plaintiff, part ways through the meeting T Hughes stepped out to take a call for service. While she was not in the room command staff provided information about K Hughes and ordered the participants in the meeting not to discuss the investigation with anyone but Lt. Womer and Chief Darling. After the meeting Plaintiff spoke to T Hughes who asked what she missed when she left the room. Plaintiff informed her K Hughes was being released from treatment.

/ / /

COMPLAINT - Page 9                                                                                                         2019-142

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

40. Between January 1, 2019 and January 15, Plaintiff applied for and was denied access to two different trainings. During this same time frame Plaintiff was denied overtime for being called in while off duty. This was the same sorts of treatment which caused Plaintiff to request work protections from the District the year prior.

41. On or about January 12, 2019 Officer T Hughes was interviewed as a part of the internal investigation into K Hughes. On or about January 15, 2019 T Hughes approached Plaintiff and informed him about her interview. She told him she could not provide details, but she had been curious that at least one hour of the interview was focused on Plaintiff and his call with the Alaska officer.

42. On or about February 12, 2019 Plaintiff received official notice of an investigation into alleged policy violations for failure to report the call from Alaska as well as an allegation Plaintiff violated an order not to share information with anyone regarding this investigation in K Hughes. The allegation was that Plaintiff violated a direct order by speaking to T Hughes on December 12, 2018.

43. On or about February 15, 2019 Plaintiff was compelled to attend an interview regarding the allegations against him. In the interview Plaintiff answered honestly regarding the Alaska phone call and his reasons for not reporting it to the Chief. He was asked about the December 12th allegations and he responded truthfully, he had thought T Hughes was still in the room when the information he alleged disclosed was given to the participants.

44. On or about February 20, 2019 Plaintiff received a notice that additional allegations were being added to the investigation into his conduct. It was alleged "several statements [Plaintiff] gave [on 2/15/19] appear[ed] to be untruthful." Plaintiff was not provided any additional information regarding which of his statements were alleged to be untruthful. Plaintiff had given honest and truthful answers in his February 15th interview.

45. Plaintiff received notice of a pre-discipline meeting for termination with Chief Darling scheduled for April 8, 2019. This meeting was later rescheduled.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

46. On or about June 6, 2019 Plaintiff was terminated from his employment at SPD.

## FIRST CLAIM FOR RELIEF:

## Violation of Federal Constitutional Rights 42 U.S.C. § 1983

Violation of Right to Free Speech – Public Employee

47. Plaintiff re-alleges all paragraphs previously alleged.

48. Plaintiff's report to the SPD board regarding Mills's assault and harassment, and his decision to press charges through the DA and testify against former Chief Mills are protected acts un the 1st and 14th Amendments.

49. Reports of misconduct and criminal acts by law enforcement, especially by the Chief of Police are matters of public concern.

50. Plaintiff's acts described herein were motivating factors for one or more of the following retaliatory actions: Defendant Baker refusing to provide work protections for overtime, vacation accrual and training; Defendant Darling's denial of overtime pay, and compensation for trainings; Defendant Darling's decision to have Plaintiff investigated; Defendant Womer's violation of Plaintiff's due process rights during his investigation of Plaintiff; Defendant Darling's decision to promote Lt. Womer over Plaintiff; Defendant Darling's decision to terminate Plaintiff.

51. As a result of the above-described actions, Plaintiff has suffered damages totaling at least $2.5 million, or an amount to be proven at trial, including lost wages and benefits, lost economic potential, harm to reputation, emotional distress, and incurrence of attorney fees and other costs, and prejudgment interest.

52. Plaintiff has incurred attorney's fees and costs in pursuing this claim. Plaintiff is due his reasonable attorney fees and costs pursuant to 42 U.S.C § 1983.

/ / /

/ / /

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

<u>Count Two: Denial of Rights Freedom of Speech</u>
<u>Local Governing Body Based Upon Official Policy, Practice, or Custom</u>
<u>(Sunriver Police Department and Sunriver Service District)</u>

52. Plaintiff re-alleges all paragraphs previously alleged.

53. Defendants Baker and Darling's previously outlined retaliatory acts and policies constituted an unwarranted denial of Plaintiff's free speech constitutional rights.

54. Defendant Darling, as the Chief of Police for SPD, acted under color of law and in his official capacity at all times relevant to this complaint.

55. Defendant Baker, as a board member and agent for SSD, acted under color of law and in her official capacity at all times relevant to this complaint.

56. At all times relevant, Defendant Darling was a final policy maker for the SPD. There is sufficient information and belief to allege that it was Defendant SPD's policy to harass, ostracize, and investigate individuals in the SPD if they reported unlawful or unconstitutional activities or agreed to testify against senior members of the SPD.

57. At all times relevant, Defendant Baker was a final policy maker for the SSD. There is sufficient information and belief to allege that it was Defendant SSD's policy to harass, ostracize, and investigate individuals employed by the District if they reported unlawful or unconstitutional activities or agreed to testify against senior District officials.

58. As a result of the above-described actions, Plaintiff has suffered damages totaling at least $2.5 million, or an amount to be proven at trial, including lost wages and benefits, lost economic potential, harm to reputation, emotional distress, and incurrence of attorney fees and other costs, and prejudgment interest.

59. Plaintiff has incurred attorney's fees and costs in pursuing this claim. Plaintiff is due his reasonable attorney fees and costs pursuant to 42 U.S.C § 1983.

/ / /

/ / /

COMPLAINT - Page 12                                                                                                    2019-142

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

## SECOND CLAIM FOR RELIEF

### 42 USC § 1983 – Fourteenth Amendment

<u>Count One: Violation of Plaintiff's Procedural and Substantive Due Process Rights</u>

<u>(All Defendants)</u>

60. Plaintiff re-alleges all paragraphs previously alleged.

61. By and through the actions and omissions described above, Defendants deprived Plaintiff of his Fourteenth Amendment rights preventing deprivation of his constitutionally protected rights without due process of law, causing him harm.

62. Plaintiff has a property interest in his job, as he has a legitimate entitlement to continued employment with his public employer, as well as fair and equal access to overtime and promotional and training opportunities. This claim to entitlement arises out of SPD and SSD's promises of specific treatment in specific circumstances, including disciplinary action implemented upon existence of just cause, made in Department and District disciplinary policies.

63. Defendants violated due process by subjecting Plaintiff to discipline, termination without just cause. This is a violation of Plaintiff's right to due process. Defendants further violated due process by failing to adhere to the tenets of progressive discipline and for conducting an investigation tainted by bias and retaliation.

64. Defendants then deprived Plaintiff of his constitutionally protected interests without due process of law when they terminated Plaintiff without just cause, depriving him of regular and overtime pay (an "economic sanction"), reporting him to DPSST, knowingly making an allegation of untruthfulness with no basis, and effectively ending his employability as a police officer and his ability to transfer laterally to a different department, thereby directly impacting his interest in pursuing law enforcement as a profession elsewhere. Defendants continue to deprive Plaintiff of these interests without due process to this day.

/ / /

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

65. As a direct and proximate result of the acts and omissions of Defendants complained of herein, Plaintiff has suffered, and continues to suffer, economic damages including lost wages, lost overtime work, lost training and promotion opportunities, advancement, and inability to seek employment in his chosen field. Such injuries are permanent and continuing, and capable of being determined at trial.

66. As a further direct and proximate result of the acts and omissions complained of herein, Plaintiff has suffered, and continues to suffer mental pain and suffering, humiliation, worry, anxiety, fear, loss of earning capacity, and loss of personal and professional reputation, entitling him to an award of compensatory non-economic damages in an amount to be determined at trial.

67. Plaintiff seeks compensatory and punitive damages against the SSD, SPD, Baker and Darling, including prejudgment interest.

68. Plaintiff has incurred attorney's fees and costs in pursuing this claim. Plaintiff is due his reasonable attorney fees and costs pursuant to 42 U.S.C § 1983.

<u>Count Two: Violation of Plaintiff's Right to Equal Protection</u>

<u>(All Defendants)</u>

69. Plaintiff re-alleges all paragraphs previously alleged.

70. Defendant Darling, as the SPD Chief of Police, acted under color of law and his official capacity at all times relevant to this complaint. Defendant Baker, as the agent and board member of SSD, acted under color of law and her official capacity at all times relevant to this complaint. Defendant Womer acted under color of law at all times relevant.

71. On information and belief, other SPD and SSD employees have engaged in substantially similar behavior to Plaintiff.

72. On information and belief, no other SPD or SSD employees were investigated or disciplined with termination as a result of said behavior.

/ / /

COMPLAINT - Page 14                                                                                                    2019-142

73. On information and belief, the SPD targeted Plaintiff based on his past participation in constitutionally and statutorily protected activities, reporting of criminal misconduct of his former Chief, and agreement to testify against the former Chief.

74. The SSD and the SPD's actions violate the Equal Protection Clause of the Fourteenth Amendment.

75. Defendants' conduct involved a reckless disregard or callous indifference to Plaintiff's constitutional rights. Defendants' malicious, wanton, or oppressive acts are within the standards for assessing punitive damages.

76. As a further direct and proximate result of the acts and omissions complained of herein, Plaintiff has suffered, and continues to suffer mental pain and suffering, humiliation, worry, anxiety, fear, lost wages, loss of earning capacity, and loss of personal and professional reputation, entitling him to an award of compensatory, non-economic damages, and prejudgment interest in an amount to be determined at trial.

111.

Plaintiff has incurred attorney's fees and costs in pursuing this claim.   Plaintiff is entitled to attorney fees, expert witness costs and litigation costs 42 U.S.C § 1983.

### THIRD CLAIM FOR RELIEF

### Unlawful Employment Practice/Public Employee Whistleblower

### ORS 659A.203(1)(b)(A) and (B)

77. Plaintiff re-alleges all previously alleged paragraphs.

78. Plaintiff has incurred attorneys' fees and costs in pursuing this claim.

79. Plaintiff has satisfied the notice requirements of the Oregon Tort Claims Act.

80. In violation of the Oregon Unlawful Employment Practices and Whistleblowing Statute, ORS 659A.203, Defendants Baker, Darling, SPD, SSD and its agents retaliated against Plaintiff because Plaintiff spoke out against the assault and harassment of former Chief Mills and agreed to testify against him for the DA.

81. Plaintiff's participation in the above described actions was a motivating factor for one or more of the following retaliatory actions in violation of ORS 659A.203(1)(b)(A) and (B): Defendant Baker refusing to provide work protections for overtime, vacation accrual and training; Defendants SSD, SPD and Darling's denial of overtime pay, and compensation for trainings; Defendant Darling's decision to have Plaintiff investigated; Defendant Womer's violation of Plaintiff's due process rights during his investigation of Plaintiff; Defendant Darling's decision to promote Lt. Womer over Plaintiff; Defendant Darling's decision to terminate Plaintiff.

82. As a result of the Constitutional violations and Tortious acts listed in the above claims for relief, Plaintiff suffered mental and emotional distress, economic damages and loss of future income. The extent of Plaintiff's damages will be more fully proven at trial.

83. Plaintiff is entitled to a declaration that defendants' conduct violated ORS 659A.203.

## FOURTH CLAIM FOR RELIEF

### Unlawful Employment Practice/Public Employee Whistleblower

### ORS 659A.199

84. Plaintiff re-alleges all previously alleged paragraphs.

85. Plaintiff has incurred attorneys' fees and costs in pursuing this claim.

86. Plaintiff has satisfied the notice requirements of the Oregon Tort Claims Act.

87. In violation of the Oregon Unlawful Employment Practices and Whistleblowing Statute, ORS 659A.199, Defendants Baker, Darling, SPD, SSD and its agents retaliated against Plaintiff because Plaintiff spoke out against the assault and harassment of former Chief Mills and agreed to testify against him for the DA.

88. Plaintiff's participation in the above described actions was a motivating factor for one or more of the following retaliatory actions in violation of ORS 659A.199: Defendant Baker refusing to provide work protections for overtime, vacation accrual and training; Defendants SSD, SPD and Darling's denial of overtime pay, and compensation for trainings; Defendant Darling's decision to have Plaintiff investigated; Defendant Womer's violation of Plaintiff's due process

COMPLAINT - Page 16                                                                                                            2019-142

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

rights during his investigation of Plaintiff; Defendant Darling's decision to promote Lt. Womer over Plaintiff; Defendant Darling's decision to terminate Plaintiff.

89. As a result of the Constitutional violations and Tortious acts listed in the above claims for relief, Plaintiff suffered mental and emotional distress, economic damages and loss of future income. The extent of Plaintiff's damages will be more fully proven at trial.

90. Plaintiff is entitled to a declaration that defendants' conduct violated ORS 659A.199.

WHEREFORE Plaintiff prays as follows:

1. Finding that Defendants violated Plaintiff's constitutional right to Free Speech;
2. Finding that Defendant violated Plaintiff's constitutional right to due process;
3. Finding that Defendant violated Plaintiff's constitutional right to equal protection;
4. Judgment against Defendant for economic losses which will fully compensate Plaintiff for Plaintiff's economic damages in an amount to be determined by a jury;
5. Judgment against Defendants for non-economic losses to Plaintiff for the constitutional and statutory violations herein in the amount of at least $2,500,000.00, or an amount to be proven at trial;
6. Judgment against Defendants for deterrence damages in a fair and reasonable amount to be proven at trial;
7. Equitable relief, including but not limited to injunctive relief; and
8. Judgment for costs, interests, attorney fees and such other and further relief as the Court deems just and equitable.

DATED this 23rd day of December 2019

THENELL LAW GROUP, P.C.
By:    /s/ Daniel E. Thenell
Daniel E. Thenell, OSB No. 971655
E-mail: dan@thenelllawgroup.com
Emerson Lenon, OSB No. 123728
E-mail: emerson@thenelllawgroup.com
Telephone: (503) 372-6450
*Of Attorneys for Plaintiff*

COMPLAINT - Page 17                                                                 2019-142

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, Oregon 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496